IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEMUEL IGNACIO QUIJANO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-3054 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

The Court dismissed this *pro se* state inmate habeas case for petitioner's failure to pay the filing fee. Petitioner filed a timely motion to reinstate the case (Docket Entry No. 7) with a certified copy of his inmate trust account statement.

Having considered the motion, the record, and the applicable law, the Court **GRANTS** the motion to reinstate and **DISMISSES** this lawsuit as barred by limitations.

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

Petitioner was convicted of aggravated assault with a deadly weapon in 2010 and sentenced to life imprisonment. The conviction was affirmed on appeal, and discretionary review was refused on April 13, 2011. Thus, petitioner's conviction became final for purposes of AEDPA limitations on July 12, 2011, and limitations expired one year later, on July 12, 2012.

Petitioner filed his application for state habeas relief with the trial court on June 27, 2012, with fifteen days remaining on the AEDPA limitations "clock." The state habeas application was denied by the Texas Court of Criminal Appeals on August 24, 2016, and petitioner's federal habeas petition was due fifteen days later, on September 8, 2016. That is, petitioner's state habeas proceedings tolled limitations for 1,519 days, or four years, one

month, and 28 days. Petitioner filed the instant petition no earlier than September 28, 2017, well over one year late.

Because the petition showed on its face that it was untimely, the Court ordered petitioner to show cause why his petition should not be dismissed as barred by limitations. In his response to the show cause order, petitioner argued that he timely filed all state actions, and that his unit was on lock down status on September 26, 2017. He further argues that he pursued his rights diligently and is entitled to equitable tolling as necessary. Petitioner shows neither timely filing nor grounds for equitable tolling. His unit's lock down status on September 26, 2017, provides petitioner no benefit, as that date was over a year after the petition was due. Moreover, petitioner did not pursue his rights diligently by waiting eleven and one-half months to file his state habeas application, or by waiting well over one year to file this federal petition. Petitioner demonstrates no entitlement to equitable tolling, and this petition must be dismissed with prejudice as barred by limitations.

Petitioner's motion to reinstate (Docket Entry No. 7) is **GRANTED**. As reinstated, this case is **DISMISSED WITH PREJUDICE AS BARRED BY LIMITATIONS**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 4th day of May, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE